**Christopher Sadao OSUMI, Petitioner–Appellant,**

v.

**G.J. GIURBINO, Respondent–Appellee.**

**No. 06–56215.**

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2008.*

Filed July 30, 2008.

Christopher Sadao Osumi, Imperial, CA, pro se.

David J. Zugman, Esq., San Diego, CA, for Petitioner–Appellant.

Lance E. Winters, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Christopher Sadao Osumi was convicted in California state court for robbing a 7–11 convenience store with a knife on two separate occasions. The same clerk was on duty both times, and the crimes were committed only sixteen days apart. The clerk's eyewitness testimony was crucial to the prosecution's case. The state courts affirmed Osumi's conviction and sentence on direct appeal and denied his petitions for post-conviction relief. Osumi then filed this federal petition for habeas corpus, which the district court denied. Osumi appeals two certified issues of ineffective assistance at trial.

Osumi's first certified issue is that his trial counsel provided ineffective assistance by failing to challenge the pretrial photo array from which the 7–11 clerk first identified him as the robber. He claims that the photo array was impermissibly suggestive because his photo had a different color cast from that in the other five pictures. "[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Because the state courts's rejection of this claim was not based on a clearly erroneous application of Supreme Court law, we cannot grant relief. *Hess v. Bd. of Parole,* 514 F.3d 909, 913 (9th Cir.2007) ("Where, as here, the state court reaches the merits without providing a reasoned decision for us to review, however, 'we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law.' "); *see* 28 U.S.C. § 2254(d)(1); *Carey v. Musladin,* 549 U.S. 70, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006). We have found the high bar in *Simmons* unmet in cases involving similar color differences, even when combined with other differences among the photos included in the chal-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

24

lenged lineup. *See United States v. Burdeau*, 168 F.3d 352, 357–58 (9th Cir.1999); *Mitchell v. Goldsmith*, 878 F.2d 319, 323 (9th Cir.1989). We have further found no constitutional defect where, as here, the substance and detail of the eyewitness' testimony carried other "indicia of reliability." *Mitchell*, 878 F.2d at 323. There is no reasonable probability that the result of Osumi's trial would have been different had his trial attorney objected to the pre-trial photo array. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Osumi's second certified issue is that his trial attorney provided ineffective assistance at trial by failing to call an expert to testify as to the general unreliability of eyewitness testimony. The state courts' rejection of this claim did not result in an unreasonable application of Supreme Court holdings, so we cannot grant relief. *See* 28 U.S.C. § 2254(d)(1); *Musladin*, 127 S.Ct. at 653. Osumi does not provide affidavits stating who should have been called as an expert or what he or she would have said that would have been relevant and helpful to the defense in the particular circumstances of Osumi's case. *See Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir.1997). Osumi therefore has not established any reasonable probability that the result of his trial would have been different had his attorney called an eyewitness expert. *See Strickland*, 466 U.S. at 694.

We have reviewed Osumi's uncertified claims and determined that they do not warrant expanding the certificate of appealability. *See Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir.2007).

AFFIRMED.

Aka Georges AYEMOU; Atteke Adolphe Ayemou; Kadjomou Raphael Ayemou; Nogbou Anatole Ayemou; Yacouba Ba; Ouattara Babala Doungasse Babem; Noaga Baboloum; Badiou Bado; Baguibdue Bado; Oumarou Badolo; Yacouba Badolo, Kwasi Badu; Diakite Bourlaye; Gourassa Boussim; Zaboure Hamadou Boussim; Adje Brou; Brou Roger Brou; Moussa Camara; Tiefini Camara Doumbia Chio; Issouf Compaore; Raogo Compaore; Rasmane Compaore; Souleymane Compaore; Tilagagnande Compaore Patende Congo; Wahabo Bagagnan; Adama Bagayogo; Koudougou Denis Bagre; Bah Albert Bah; Vanga Francois Baka; Ouattarra Bakari; Konate Bakary; Bagnon Dit Mathias Bako; Kayoure Issaka Balima; Bakary Ballo; Sidik Coulibaly; Silambo Da Brou Justin Dabire; Donbor Dabire; Milo Dabire; Adona Dabiri; Kounou Bernard Dadegnon; Moussa Dagnogo; Martin Emerite Dah; Craidy Antoine Daikri; Koffi Antoine Dainguy Kraidi Joseph Dainguy; Agustine Danquah; Kouassi Clement Dede; Guehi Martin Dehe; Djakaridja Dembele; Francois Balma Sy Lvain Balma; Gbeguele Bamba; Lacina Bamouni; Mahamoudou Bangre; Boulboure Banse; Hamidou Barry; Touni Baye; Bouilion Bayeli; Balele Bazie; Dramane Belem; Yacouba Dene; Kovao Albert Dgri; Karamoko Diabate; Mady Daibate; Bozan Diakite Mamadou Diakite; Bou Dramane Diallo; Alhassane Diallo Issoufou Diallo; Moctar Diallo; Tinbila Diallo; Ukiebie Dianou; Bakary Diar-